UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLIVER ROBERT HOYTE,

     Plaintiff,

v.                               Case No: 8:21-cv-342-TPB-JSS

BAY AREA TRUST, LLC, JOSHUA
ADAM HARROW and GREGORY
VANDER WEL,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis* ("Motion").  Upon consideration, it is recommended that the Motion be denied without prejudice and Plaintiff's Complaint be dismissed without prejudice.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security.  28 U.S.C. § 1915(a)(1).  A court's decision to grant *in forma pauperis* status is discretionary.  *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  When considering a motion filed under § 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of

poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). However, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## ANALYSIS

Upon review of the Motion, it appears that Defendant is financially eligible to proceed *in forma pauperis* in this case. Nonetheless, the Court recommends that Plaintiff's Complaint be dismissed because it fails to properly and clearly state claims as required by the Federal Rules of Civil Procedure. Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

Plaintiff's Complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Under Rule 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Complaints that violate Rule 8(a) are often referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). The Eleventh Circuit has identified four general categories of shotgun pleadings. *Id.* at 1320–21. The first type of shotgun pleading is a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is the complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third type of shotgun pleading is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. The last type of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

In this case, Plaintiff asserts claims against multiple parties for trespass, wrongful eviction, slander, libel, and intentional infliction of emotional distress arising from an alleged wrongful eviction. (Dkt. 1 at 1–2.) However, Plaintiff's Complaint fails to allege cognizable claims for relief. Instead, the Complaint lists generic elements for the various alleged causes of action and a series of factual allegations that do not

appear to relate to the causes of action.  In this regard, the Complaint fails to satisfy Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

In addition, Plaintiff's Complaint falls within the second, third, and fourth categories of shotgun pleadings.  First, Plaintiff's Complaint contains general allegations which are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *See Weiland*, 792 F.3d at 1322 n. 12.  The Complaint contains vague, unsubstantiated allegations of "deliberate indifference" to constitutional rights, traffic stops made without probable cause, and unconstitutional law enforcement practices.  (Dkt. 1 at 5.)  However, it is unclear how, if at all, these facts relate to the claims Plaintiff asserts against the defendants in the Complaint.  *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing a complaint as "a perfect example of 'shotgun' pleading because it was "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief").

Second, Plaintiff failed to separate his claims into distinct counts.  Specifically, although the Complaint contains a list of elements for each cause of action (Dkt. 1 at 3–4), Plaintiff does not identify which facts, if any, pertain to each claim.  Thus, Plaintiff's Complaint suffers from defects common to the third type of shotgun pleading.

Finally, although Plaintiff attempts to allege claims against multiple defendants, the Complaint does not fully specify "which of the defendants are responsible for

which acts or omissions, or which of the defendants [each] claim is brought against."
*Weiland*, 792 F.3d at 1323 n. 14.    Throughout the Complaint, Plaintiff makes allegations regarding "the City of Lawrence" and "Neighbors," but it is unclear how, if at all, these entities are connected to the named defendants.    Thus, Plaintiff's Complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland*, 792 F.3d at 1323.

Additionally, it is unclear whether the Court has jurisdiction over Plaintiff's claims.  Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A federal court may raise jurisdictional issues on its own initiative at any stage of litigation, and the court may dismiss a complaint for lack of subject-matter jurisdiction based on the complaint alone.  *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014).

Subject matter jurisdiction in a federal court may be based on either federal question jurisdiction or diversity jurisdiction.  *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010).   Diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332.  When federal jurisdiction is invoked based on diversity, the plaintiff's complaint must "include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant."  *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

Federal question jurisdiction exists in a civil action "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  When federal

jurisdiction is invoked based on a federal question, the plaintiff must plead a cause of action created by federal law, such as a violation of a federal statute, or state law claims that implicate significant federal issues.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  As such, a federal court lacks federal question jurisdiction over claims that arise solely under state law.  *Laurent v. U.S. Tr.*, 196 F. App'x 740, 743 (11th Cir. 2006).

Here, Plaintiff asserts claims for trespass, wrongful eviction, slander, and intentional infliction of emotional distress.  (Dkt. 1.)  Plaintiff does not state the citizenship of any defendant.  Further, it does not appear that any of Plaintiff's claims arise under federal law.  Accordingly, the undersigned recommends that Plaintiff be required to file an amended complaint that alleges facts demonstrating the existence of jurisdiction and includes a short and plain statement of the grounds for the Court's jurisdiction.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Accordingly, it is **RECOMMENDED** that:

1.  Plaintiff's construed Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2.  Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure and sets forth the basis for the Court's jurisdiction.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be

given at least one chance to amend the complaint before the district court dismisses the action with prejudice") (internal quotation and citation omitted).  It is recommended that the amended complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on April 28, 2021.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record
Unrepresented Party